MERCANTILE FINANCE CORPORATION *v.* SAGINAW
CIRCUIT JUDGE.

INTOXICATING LIQUORS—COURT MAY RELEASE PROPERTY SEIZED TO
PROTECT LIEN HOLDERS.

> Under Act No. 336, Pub. Acts 1921, the circuit court may, in its discretion, on proper showing, issue an order releasing an automobile, seized while being used for the illegal transportation of intoxicating liquors, to a good-faith lien holder, before the trial or conviction of the defendant, for the purpose of foreclosing the liens, by providing that after the liens are satisfied the balance of the proceeds, if any, shall be delivered to the clerk of the court to await the final outcome of the prosecution.

Mandamus by the Mercantile Finance Corporation to compel Clarence M. Browne, circuit judge of Saginaw county, to vacate an order denying a petition for the sale of a seized automobile. Submitted April 8, 1924. (Calendar No. 31,282.) Writ granted June 2, 1924.

*Crane & Crane* and *W. J. Nash,* for plaintiff.

*Wilber M. Brucker,* Prosecuting Attorney, and *Riley L. Crane,* Assistant Prosecuting Attorney, for the people.

BIRD, J.    Frank Karabelski was arrested in Saginaw county for a violation of the liquor laws, and at the same time his automobile was seized by the officer, and is now in the custody of the court.    Following his arrest Karabelski secured bail and was released. Soon after he was apprehended for a like offense in Oakland county.    Upon this charge he was convicted and sent to the State prison at Jackson for a period of one year.    It appears that Karabelski purchased his automobile from one Edward Nowak, a reputable automobile dealer.    He paid therefor cash in part and turned in another automobile.    The balance of the consideration, $760, was paid by a promissory note, secured by a chattel mortgage on the automobile purchased.    Nowak, the dealer, transferred the note and mortgage to the plaintiff herein, who is now the owner thereof.    Karabelski made but one payment and is now in default on several payments.    When plaintiff learned of the situation it petitioned the Saginaw court for permission to intervene in the proceedings against Karabelski.    This petition was granted.    It then filed a petition asking permission of the court to take possession of the automobile and sell it to satisfy its mortgage lien, on the ground that if it had to wait until defendant was tried in Saginaw county its security would be greatly impaired.    This application was denied, the judge thinking that he was required by the statute to retain the car until after Karabelski was tried on the charge in that court, although he expressed himself as satisfied that Nowak and plaintiff were good-faith holders.    Plaintiff asks this court for a writ of mandamus to compel the circuit judge to grant the prayer of its petition.

. The material parts of section 31, Act No. 336, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 7079 [31]), under which the automobile was seized, provide that:

"Any officer making an arrest for any violation of this act, may seize all evidence of the commission of such violation including any wagon, buggy, automobile, water or aircraft, or other vehicle or conveyance in which such liquors are had, kept, transported or possessed contrary to law. * * * Upon conviction of the person so arrested, unless good cause is shown to the contrary by the owner, the court shall order a sale at public auction by the food and drug commissioner of any vehicle or conveyance so seized, and such commissioner, after deducting the expenses of keeping such property, and costs of such sale shall pay all liens according to their priorities, which may be established by intervention or otherwise at said hearing or in other proceedings brought for that purpose as being *bona fide* and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for the illegal having, possessing or transporting of intoxicating liquor and shall pay the balance of the proceeds into the general fund of the State. Any claimant of liquors, receptacles or containers seized under this act, in order to release the same from the operation of this act, may, at any time before final disposition thereof by the court as herein provided, file a petition in the court having jurisdiction of the matter for the return of said property and if said claimant shall prove to the satisfaction of said court that he is lawfully entitled to possession thereof, the same shall be returned to him."

The question which we must answer is whether the circuit court may, in its discretion, make an order releasing property seized under this section to a good-faith lien holder before trial or conviction of the defendant owner. The legislature appears to have contemplated that in the administration of this section the rights of lien holders and owners or claimants would be involved, and it has very carefully guarded their interests. The act provides a procedure

whereby the owner or claimant may, by a showing to the court, repossess himself of the article seized. It also provides for a sale and distribution of the proceeds to the lien holders, the balance, if any, going to the State treasury. The sale and distribution to take place only in the event of conviction.

There appears to be no express provision in the act authorizing or forbidding the release of articles seized before trial, except the provision fixing the sale after conviction. The reason for this, however, is obvious, because without conviction no sale could be ordered. It is quite manifest from the whole section that the interest which was sought to be reached and confiscated by the legislature was the interest of the wrongdoer, the defendant, and the bad-faith lien holders in the thing seized, and that it was the intention to guard and preserve the interests of good-faith lien holders and claimants. This appearing to have been the mood of the legislature in passing the act we think it is in accordance with the spirit of the act to hold that the circuit judge may in his discretion, on showing, release the article seized to lien holders for the purpose of foreclosing their liens. When this is done the order of release should provide that after the liens are satisfied the balance of the proceeds, if any, should be delivered to the clerk of the court to await the final outcome of the prosecution. This construction of the act will preserve the rights of lien holders, and at the same time secure to the State the interest of the wrongdoers, which was the prime and only object of the procedure prescribed.

Inasmuch as the defendant indicated that he would grant the petition of the plaintiff if within his power, we think the writ may issue as prayed, but without costs.

CLARK, C. J., and McDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.